IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZARSHED ERGASHOV, *et al.*, | * | |
| *Plaintiffs* | * | |
| | | Civil Action No. 1:15-cv-01007- TJS |
| v. | * | |
| GLOBAL DYNAMIC TRANSPORTATION, LLC, *et al.* | * | |
| | * | |
| *Defendants* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS CROSS-CLAIM AND
MOTION FOR RECONSIDERATION OF COMPLETE DISMISSAL UNDER 12(B)(1)**

Defendants Global Dynamic Transportation, LLC ("GDT"), Valeri Biganishvill, David Chkhartishvili and Besiki Chkhartishvili (collectively the "GDT Defendants"), through their undersigned counsel, and pursuant to Rule (12)(b)(1) of the Federal Rules of Civil Procedure, submit the following Memorandum of Points and Authorities in support of their: (1) Motion to Dismiss Defendant/Cross-Plaintiff Eight P CPL, LLC's Cross-Claim (ECF 60); and (2) Motion for Reconsideration for complete dismissal of Plaintiffs' operative Third Amended Complaint (ECF 35).

**I.     RELEVANT BACKGROUND**

Plaintiffs initiated this action on April 8, 2015.  ECF 1.  On May 20, 2015, Plaintiffs filed a first amended complaint.  ECF 7.  On July 21, 2015, Plaintiffs filed a second amended complaint.  ECF 15.  On August 12, 2015, the GDT Defendants filed a motion to dismiss the second amended complaint.  ECF 21.  The GDT Defendants' motion to dismiss was subsequently adopted by Defendant Eight P CPL, LLC ("Eight P").  ECF 23.  On September 14, 2015, Plaintiffs filed a motion for leave to file a third amended complaint.  ECF 25.

Plaintiffs' third amended complaint presents seven separate counts. ECF 35, pp. 14–20. Only one count presents a federal question, which is the first count alleging unpaid wages pursuant to Fair Labor Standards Act ("FLSA"). *Id.* at pp. 14–15. The remaining six counts all present various State law claims. *Id.* at pp. 15–20.

The GDT Defendants' motion to dismiss argued that Plaintiffs' FLSA claims must be dismissed pursuant to Rule 12(b)(6) based upon Plaintiffs' own statements that they do not engage in interstate commerce and, as such, they are not covered by the FLSA. ECF 21 (GDT Mtn to Dismiss), pp. 7–9. Continuing, the motion argued that if the Court dismisses the FLSA claim (the only count conveying subject matter jurisdiction), then the Court should decline to exercise supplemental jurisdiction over the remaining State law claims. Accordingly, the Court should proceed to dismiss Plaintiffs' complaint entirely due to the absence of original jurisdiction. *Id.* at p. 10.

On November 13, 2015, the Court issued its Memorandum and Opinion ruling on both (1) the motion to dismiss (ECF 21) and (2) Plaintiffs' motion to file a third amended complaint (ECF 25). ECF 33–34. The Court granted the GDT Defendants' Motion to Dismiss in part, ruling that Plaintiffs' FLSA claim (Count I) must be dismissed pursuant to Rule 12(b)(6). ECF 33, pp. 5–7; ECF 34. In so doing, the Court dismissed the lone count upon which Plaintiffs' asserted federal subject matter jurisdiction. *Id.* However, noting that the Court has discretion over whether to continue to exercise supplemental jurisdiction over Plaintiffs' remaining State law claims (Counts II–VII), the Court permitted supplemental jurisdiction and denied the request for complete dismissal pursuant to Rule 12(b)(1). *Id.* at p. 8.

Thereafter and more recently on February 25, 2016, Eight P filed a Cross-Claim alleging a State law claim for indemnification. ECF 60. In so doing, this matter has become even further entrenched exclusively in State law claims, yet remains absent a single Federal question or any

traditional basis for Federal jurisdiction. ECF 60. In consideration of the current posture, the GDT Defendants now seek both dismissal of the Cross-Claim and reconsideration of whether to dismiss this matter entirely pursuant to Rule 12(b)(1) since it is premised exclusively upon facts, claims and parties which do not present a traditional basis for Federal jurisdiction.

## II.     LEGAL STANDARD

Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n. 4 (4th Cir.1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30[1] (3d ed.1998)). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

When federal question jurisdiction is invoked under 28 U.S.C. § 1331, as Plaintiffs have done here,[1] "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a plaintiff's claims arise under federal law requires application of the well-pleaded complaint rule. *Ali v. Giant Food LLC/Stop & Shop Supermarket Co.*, 595 F.Supp.2d 618, 621 (D.Md.2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[O]nly when a federal question is presented on the face of the plaintiff's properly pleaded complaint," does federal jurisdiction exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

---

[1] Despite their FLSA count being dismissed in the Court's Order of November 13, 2015 (ECF 33–34), Plaintiffs' operative pleading continues to include their FLSA claim (Count I) and to improperly premise jurisdiction upon 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (supplemental jurisdiction on claims "so related to claims over which this Court *has original jurisdiction*"). ECF 35, p. 4, ¶ 9 (emphasis added).

### III. DISCUSSION

**A.** ***In light of developments in this case, the Court should reconsider its prior Order permitting supplemental jurisdiction.***

As noted, the Court has dismissed the lone claim upon which Plaintiffs based original jurisdiction (FLSA), but proceeded to use its discretion in exercising supplemental jurisdiction over the remaining six counts asserted exclusively under State law. ECF 33–34. In making this determination, the Court's Memorandum states:

> Now that this court has "dismissed all claims over which it has original jurisdiction," it has discretion over whether to continue exercising supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." [citation omitted.] *Given the possibility that plaintiffs may yet remedy their defective FLSA claim, and the volume of briefing already devoted to the case in this court, considerations of judicial economy counsel in favor of retaining jurisdiction.* Accordingly, using the "wide discretion" afforded to it when considering the exercise of supplemental jurisdiction, this court denies defendants 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

ECF 33, p. 8 (emphasis added).

In exercising the "wide discretion" afforded courts on whether to permit supplemental jurisdiction in the absence of original jurisdiction, the Court notes that its decision is influenced by "the possibility that plaintiffs may yet remedy their defective FLSA claim." But more than four months have now elapsed since the Court issued that Order[2] and Plaintiffs have not "remed[ied] their defective FLSA claim." Indeed, Plaintiff's operative pleading (the Third Amended Complaint, ECF 35), continues to (1) include their defective FLSA claim (Count I) and (2) improperly premise jurisdiction upon 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (supplemental jurisdiction on claims the Plaintiffs allege are "so related to claims over which this Court *has original jurisdiction*"). ECF 35, p. 4, ¶ 9 (emphasis added). With Plaintiffs having failed to

---

[2] The Court's Order was issued on November 13, 2015 (ECF 34). As of the date of the instant filing, four-months and six-days have elapsed.

4

correct any of the various issues with their pleadings throughout the intervening period of more than four months since dismissal of their FLSA claim, there is no longer any basis for believing that Plaintiffs might still be planning to "remedy their defective FLSA claim."

The Court also notes "the volume of briefing already devoted to the case in this court." ECF 33, p. 8.  Prior to the Court issuing its Order and Memorandum, the Court's electronic case filing system reflected 32 filing having occurred in this case.  However, the GDT Defendants respectfully submit that the volume of briefing devoted to this case was due exclusively to various errors by Plaintiffs and their improper inclusion of an FLSA claim.  By way of illustration:

- The first eight filings (ECF 1–8) were related to Plaintiffs' Original Complaint and their filing of a First Amended Complaint.  The changes made in Plaintiff's First Amended Complaint largely related to their efforts to preserve their baseless FLSA claim.

- The next six filings (ECF 9–14) were related to the GDT Defendants' first motion to dismiss, which primarily sought dismissal of the FLSA claim, and which was followed by the filing of Plaintiffs' Second Amended Complaint (again, filed for the purpose of preserving their defective FLSA claim and attempting to moot Plaintiffs' motion seeking dismissal of that count).

- The next five filings (ECF 16–20) were related to Plaintiffs attempt to add Eight P as an additional defendant, something Plaintiffs failed to do both at the outset in their Original Complaint and later in their First Amended Complaint.

- The subsequent twelve filings leading up to the Court granting dismissal of the FLSA count (ECF 21–32) revolved around filings by the GDT Defendants and Eight P

aimed largely at having the FLSA count dismissed and seeking to deny Plaintiffs the ability to file *another* amended complaint.

Accordingly, the volume of briefing in this case was due primarily to Plaintiffs' errors and their failed attempt to invoke the FLSA. The GDT Defendants respectfully submit that the Plaintiffs should not be permitted to use their own errors—together with the volume of briefing by the GDT Defendants and Eight P which was necessary to reconcile those errors—as a basis for the Court to now exercise supplemental jurisdiction. To do so is permitting a party to literally manufacture a basis for Federal jurisdiction where it does not exist, draw out an extended opposition to that wrongful assertion, and then argue for supplemental jurisdiction based solely on the fact that the movant successfully created an extended argument regarding his or her baseless assertion for original jurisdiction. This is not the purpose of supplemental jurisdiction and Plaintiffs are abusing the process by doing so.

Lastly, the Court cites to "considerations of judicial economy counsel in favor of retaining jurisdiction." ECF 33, p. 8. Taking into consideration the arguments asserted below (including the additional recently added State law cross-claim), together with the fact that Plaintiffs' third amended and operative pleading (ECF 35) *still* presents their already dismissed FLSA count, the GDT Defendants submit that judicial economy will be served by dismissing this matter and allowing it to proceed anew with proper pleadings and in a court with appropriate jurisdiction.

Not only do the Plaintiffs have an adequate alternate forum byway of filing their claims in State court, this case is still in the very early stages and the parties have not yet completed any

discovery.[3]  *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995) (citing *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir.1993)).  In light of these factors, as well as those set forth below, the Court should now consider the issue of jurisdiction anew, reconsider its prior ruling set forth in ECF 33–34, and decline to exercise supplemental jurisdiction in a case exclusively premised upon State law claims and which is still in its formative stages.

**B.**     ***Eight P's recently filed Cross-Claim.***

On February 26, 2016, Eight P filed a Cross-Claim against GDT asserting further State law claims for indemnification.[4]  As a result, since the time of the Court's Ruling on November 13th permitting supplemental jurisdiction, this case has become even more embroiled exclusively in State law claims and remains without any Federal claims or traditional basis for jurisdiction.

In the section of the Cross-Claim addressing "Venue and Jurisdiction," Eight P states, "[t]his Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367."  ECF 60, ¶ 4.  However, jurisdiction does not exist under either basis.

28 U.S.C. § 1331, providing for Federal question jurisdiction, states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States."  Both the six-counts asserted in the Third Amended Complaint (ECF 35) and the claims set forth in the Cross-Claim (ECF 60) all consist entirely of State law

---

[3] While Eight P recently propounded Requests for Production and Interrogatories, responses to those discovery requests are not due until on or about March 29, 2016.  No other discovery activities have occurred.  Plaintiffs have not propounded any written discovery, nor have the GDT Defendants.  In addition, none of the parties have scheduled or even discussed scheduling depositions.
[4] The Cross-Claim is asserted exclusively against GDT, and not against the collective "GDT Defendants" which consists of GDT and three separate individual defendants.

claims. Since this case does not involve "actions arising under the Constitution, laws or treaties of the United States," the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

28 U.S.C. § 1367, providing for supplemental jurisdiction, states:

> (a)   Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which *the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> \*     \*     \*
>
> (c)   The district courts may *decline* to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1)   the claim raises a novel or complex issue of State law,
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)   *the district court has dismissed all claims over which it has original jurisdiction*, or
> (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added). Section 1367(a) does not apply, as the district court does not have original jurisdiction. Moreover, section 1367(c)(3) specifically states that the court may "*decline* to exercise supplemental jurisdiction" when "the district court has dismissed all claims over which it has original jurisdiction." This is precisely the posture of the present case. Accordingly, not only does 28 U.S.C. § 1367 fail to provide an express basis for supplemental jurisdiction in the present factual scenario, it conversely provides a basis for dismissal in this scenario.

The GDT Defendants submit that the reason the Cross-Claim improperly asserts jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 is due to the unusual posture of this case (no traditional basis for Federal jurisdiction, yet still proceeding in Federal court), coupled with Plaintiffs' defective pleadings which, despite going through four iterations prior to

the GDT Defendants filing their first answer,[5] still continues to allege their already dismissed FLSA claims (Count I) and continues to argue that this claim is a valid basis for jurisdiction. ECF 35, ¶ 9.  For all these reasons, the GDT Defendants respectfully requests both that the Cross-Claim be dismissed and further that this matter be dismissed in its entirety, thereby affording Plaintiffs the opportunity to start anew, set forth accurate pleadings and file their case in an appropriate Court.

## IV.  CONCLUSION

Based upon the foregoing, the GDT Defendants respectfully submit that Plaintiffs' Third Amended Complaint and Eight P's Cross-Claim should both be dismissed in their entirety and with prejudice pursuant to Federal Rule 12(b)(1).  The GDT Defendants further respectfully request that the Court award them all of the reasonable costs and attorneys' fees actually incurred, and any other such relief as the Court deems proper.

## REQUEST FOR HEARING

The GDT Defendants request a hearing on their instant Motion to Dismiss and Motion for Reconsideration.

(Reminder of page intentionally left blank.)

---

[5] The first answer submitted by Defendants (ECF 39) was not filed until more than a month after the filing of the Third Amended Complaint.  The previous iterations of Plaintiffs' complaint were either immediately amended prior to an answer becoming due or were responded to by the GDT Defendants with a motion to dismiss.

Dated: March 18, 2016

Respectfully submitted,

/s/
Judd G. Millman (Fed Bar No. 18212)
  judd@luchanskylaw.com
Bruce M. Luchansky (Fed. Bar No. 08439)
  lucky@luchanskylaw.com
**LUCHANSKY LAW**
606 Bosley Avenue, Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021

*Attorneys for Global Dynamic Transportation, LLC, Valeri Biganishvill, David Chkhartishvili and Besiki Chkhartishvili*

## CERTIFICATE OF SERVICE

I, hereby, certify that on March 18, 2016, a copy of the foregoing was served via the United States District Court for the District of Maryland's electronic filing system upon all counsel of record registered to receive such notifications.

/s/
Judd G. Millman